Lori N. Brown, Esq. (SBN 8858)
**GORDON REES SCULLY MANSUKHANI, LLP**
One Renaissance Square, Two North Central Avenue,
Suite 2200, Phoenix, AZ 85004
D: 602.794.3651
Email: lbrown@grsm.com

-AND-

Cara M. Sgobba, Esq.
*Admitted Pro Hac Vice*
**GORDON REES SCULLY MANSUKHANI, LLP**
28 State Street, Suite 1050
Boston, MA 02109
D: (857) 262-5087
Email: csgobba@grsm.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Boxabl, Inc.;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Brave Control Solutions<br>and Brent McPhail,<br>　　　　　Defendants. | No. Case No.: 2:25-cv-00580-JAD-BNW<br><br>JOINT DISCOVERY PLAN AND SCHEDULING ORDER<br><br>**SPECIAL REVIEW REQUESTED** |

　　　Plaintiff, Boxabl Inc.("Plaintiff"), by and through its counsel of record, the law firm Gordon Rees Scully Mansukhani and Defendant Brent McPhail ("Defendant"), by and through its counsel of record, the law firm, Garman, Turner, Gordon, hereby submit this proposed joint discovery plan and scheduling order. Neither Brave Control Solutions nor any representative therefor participated in the creation of this scheduling order.

　　　**FRCP 26(f) Conference:** On May 22, 2025, Cara Sgobba as counsel for Plaintiff and Jared Sechrist as counsel for Defendant, participated in a discovery and scheduling conference (the "Conference") to discuss the issues required by Federal Rule Civil Procedure ("FRCP") 26(f). Parties submit that there is good cause to vary the discovery and scheduling order in this

action from the 180-day standard discovery period provided in LR 26-1 because it is anticipated that discovery will need to be taken from sources located in Canada or witnesses may need to be called who are located in Canada.  Parties proposed an additional 30 days between the close of discovery and deadline to submit Dispositive Motions to account for potential delays in the receipt of discovery or of other supporting materials for dispositive motions that that may arise toward the end of the discovery period for reasons similar to those set forth above concerning the Defendants' association with Canada.

The Parties agree FRCP 26 Initial Disclosures in this lawsuit shall be due 14 days from the date of submission of this discovery plan which is **June 11, 2025**.

The Parties respectfully submit the following discovery plan:

1. **Discovery Cut-Off Date:** The proposed cut-off date for discovery shall be **February 23, 2026**, 270 days (adjusted for a weekend) from the date of Defendant's first appearance in the Federal Court occurring on May 27, 2025

2. **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties shall be filed no later than **November 25, 2025**, ninety (90) days prior to the proposed close of discovery.

3. **FRCP 26(a)(2) Disclosures (Experts):** Disclosures concerning experts shall be made by **December 23, 2025**, sixty (62) days before the proposed discovery cut-off date.[1] Disclosures concerning rebuttal experts shall be made by **January 24, 2026**, thirty (30) days after the initial disclosure of experts (adjusted for a weekend).

4. **Dispositive Motions:**  The date for filing dispositive motions shall be **April 24, 2026**, sixty (60) days after the proposed discovery cut-off date.  In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motions shall be extended to be not later than sixty (60) days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **May 25, 2026**, thirty (30) days after the cut-off for filing dispositive motions (adjusted for a

---

[1] Adjusted from 60 days to accommodate the Christmas holiday.

weekend).  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **FRCP 26(a)(3) Disclosures:** The disclosures required by FRCP 26(a)(3), and any objections hereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:**  The Parties have discussed the possibility of using alternative dispute-resolution processes, and agree to discuss settlement and will continue to explore the possibilities of settlement as this case proceeds.

8. **Alternative Forms of Case Disposition:**  The Parties have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and agree that this case is properly suited before the District Court.

9. **Electronic Evidence:**  The Parties do not at this time anticipate any issues about disclosures or discovery of electronically stored information, if any, including the form or forms in which it should be produced.  The parties shall meet and confer and otherwise work in good faith with respect to the production of electronically stored information should any dispute arise.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made pursuant to LR 26-4 and be supported by a showing of good cause, no later than twenty-one (21) days before the subject deadline.

11. **Subjects of Discovery:**  The Parties agree that discovery may be taken on any subject permitted by the Federal Rules of Civil Procedure read in accordance with Plaintiff's Complaint and any counterclaims that may be brought in the action.

12. **Discovery Phases:**  The Parties do not believe it is necessary to conduct discovery in phases.

13. **Protective Orders for Confidential Documents and/or Information:** The Parties may further discuss and agree upon a protective order for confidential documents should the need arise as the case progresses.

**Dated:** May 28, 2025

Respectfully submitted,

Boxabl, Inc., Plaintiff

By its attorneys,

*Cara Sgobba*

Lori N. Brown, Esq. (SBN 8858)
**GORDON REES SCULLY MANSUKHANI, LLP**
One Renaissance Square, Two North Central Avenue, Suite 2200, Phoenix, AZ 85004
D: 602.794.3651
Email: lbrown@grsm.com

-AND-

Cara M. Sgobba, Esq.
*Admitted Pro Hac Vice*
**GORDON REES SCULLY MANSUKHANI, LLP**
28 State Street, Suite 1050
D: Boston, MA 02109
(857) 262-5087
Email: csgobba@grsm.com

Respectfully submitted,

Brent McPhail

By his attorneys,

*Jared Sechrist*

**GARMAN TURNER GORDON LLP**
ERIC R. OLSEN
NV Bar No. 3127
Email: eolsen@gtg.legal
JARED M. SECHRIST
NV Bar No. 10439
Email: jsechrist@gtg.legal
7251 Amigo Drive, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Defendant Brent McPhail*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 29, 2025