**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Boxabl, Inc.

Plaintiff,

v.

Brave Control Solutions, Inc., et al.,

Defendants.

Case No. 2:25-cv-00580-JAD-BNW

**ORDER**

This action arises from a contract dispute between Plaintiff Boxabl, Inc. ("Boxabl") and Defendants Brave Control Solutions, Inc. ("Brave") and Brent McPhail ("Defendant" or "McPhail"). The following is drawn from the allegations in the complaint. Pursuant to the contract, Brave was to design and manufacture equipment for Boxabl. McPhail was the founder and CEO of Brave during relevant periods. Despite receiving payments from Boxabl, Brave did not manufacture and deliver the equipment as required by the contract. The payments Boxabl made were induced by McPhail's representations that the money was used to fulfill the contract, when in fact those funds were diverted to Brave's operating expenses. Brave did not pay its subcontractors, vendors, or suppliers.

Plaintiff brings claims for breach of contract, unjust enrichment, fraud, and UCC violations against Brave, and a separate claim of fraud against McPhail.

**I.    THE MOTION IS PROPERLY BEFORE THE COURT**

Defendant first argues that Plaintiff's motion is premature because, at the time it was filed, McPhail had not been noticed with a deposition[1] and, as a result, Plaintiff may not move to compel under Rule 37.

---

[1] Since then, Plaintiff re-noticed the deposition.

First, this Court construes Plaintiff's motion as a request for an order governing the format and location of Defendant's deposition pursuant to Rules 26 and 30. This request reflects a live dispute in need of Court involvement. And, unlike a motion under FRCP 30(g) or FRCP 37(d), this Court need not ascertain that the deposition has been properly noticed to resolve this dispute. Lastly, this Court has broad discretion to control all aspects of pretrial discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), including the time, place, and manner of depositions. *See* Fed. R. Civ. P. 26(c)(1)(B); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1165 (9th Cir. 1994). This Court now exercises that discretion to address the parties' dispute on the merits.

## II.     THE PARTIES DID NOT ENTER INTO A BINDING STIPULATION

Defendant contends that the parties entered into a binding stipulation under Rule 29 to conduct the deposition remotely and that this Court should simply enforce the agreement pursuant to that Rule. This Court disagrees as a matter of law and finds that no clear agreement was ever formed within the meaning of Rule 29.

Rule 29 contemplates a clear agreement by both parties. *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, 331 F.R.D. 75, 79 (S.D.N.Y. 2019). The record reflects that on December 22, 2025, Plaintiff indicated it would "most likely" agree to a remote deposition. ECF No. 65-5 at 2. On January 20, 2026, Plaintiff stated it "would agree to stipulate" to a remote deposition, and Defendant accepted within hours. ECF No. 65-6 at 6. Later that same day counsel for Plaintiff explained her client would not authorize a remote deposition. *Id.* at 5.

This Court understands why Defendant may have construed the language in the above emails as Plaintiff conceding to a remote deposition. But from a Rule 29 standpoint, the relevant communications reflect, at best, a tentative willingness to stipulate.[2] This Court therefore proceeds to the next issue.

/ / /

/ / /

---

[2] The Court notes that, even if a binding agreement had been formed, the Court retains authority under Rule 29 to order otherwise.

### III.    THE DEPOSITION SHALL PROCEED IN PERSON

#### A.    Legal Standard

Courts have broad discretion in determining the time and place of depositions. *Hyde*, 24 at 1165. The governing rules provide that the parties may stipulate, or the court may order on motion, "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Courts within the Ninth Circuit have observed that leave to take depositions remotely should be granted liberally. *See Pruco Life Ins. Co. v. Cal. Energy Dev. Inc.*, 2021 WL 5043289, at *14 (S.D. Cal. 2021). But the party seeking a remote deposition pursuant to Rule 30(b)(4) must first establish a legitimate reason. *Kaseberg v. Conaco, LLC*, 2016 WL 8729927, at *5 (S.D. Cal. 2016). The burden then shifts to the opposing party to show prejudice if the motion is granted. *Id.* at *6. Some courts in this Circuit have observed that the opposing party must make a "particularized showing" of prejudice. *See Schoonover v. Iovate Health Scis. U.S.A. Inc.*, 2020 WL 7094061, at *1 (C.D. Cal. 2020); *Hernandez v. Bobst Grp. N. Am.*, 2020 WL 6063143, at *2 (E.D. Cal. 2020).

However, "remote depositions, particularly of a party or key witness, will [not] always be appropriate." *Henry v. Tacoma Police Dep't*, No. 3:22-CV-05523-LK, 2023 WL 5530201 *3 (W.D. Wash. Aug. 28, 2023) "Although remote depositions have become more common since the COVID-19 pandemic, this is 'not an indication that the Court intends to allow parties to use COVID-19 as carte blanche to avoid in-person depositions. Such matters must be determined on a case-by-case basis.'" *Smartwings, A.S. v. Boeing Co.*, No. C21-918 RSM, 2023 WL 3075698, at *2 (W.D. Wash. Apr. 25, 2023).

#### B.    Defendant Has Not Established a Legitimate Reason

This Court turns to whether Defendant has established a legitimate reason for conducting the deposition remotely. Defendant raises three arguments: (1) that a prior agreement between the parties required remote format, (2) that the Ninth Circuit liberally grants requests under Rule 30(b)(4), and (3) that a remote deposition would eliminate the burden of international travel, avoid the cost and inconvenience of the need for letters rogatory, and the need to retain Canadian counsel should the deposition take place in Canada.

This Court has already disposed of the Rule 29 argument. Next, while it is true that the Ninth Circuit has a liberal practice of granting requests for remote depositions, this Court finds no legitimate reason to grant McPhail's request.

This Court is not persuaded that the burden of international travel is the primary basis for Defendant's opposition to an in-person deposition. The record contains an email in which Defendant's counsel stated that McPhail "is not going to voluntarily sit for an in-person deposition in Ontario," where he resides. ECF No. 65-7 at 2. Counsel made a similar remark during oral argument, which the Court understood to mean that McPhail did not choose to be a defendant and therefore was under no obligation to facilitate Plaintiff's prosecution of the case. Defendant's refusal to appear in person under any circumstances, including in his own city, suggests that his opposition is driven less by travel burdens and more by an unwillingness to submit to an in-person examination. Indeed, any concerns regarding international travel and the associated expense would be eliminated if the deposition were conducted in Ontario.

As to letters rogatory, Defendant appears to believe that letters rogatory would be required irrespective of whether the deposition takes place in Canada or the United States. ECF No. 65-6 at 2, 5. Certainly, under Rule 28, letters rogatory may be required if the disposition were to take place in Canada. But it is not clear from Defendant's briefing why he believes letters rogatory would be required, under Rule 28 or cited caselaw, were the deposition to take place in the United States. Indeed, many courts have ordered the deposition of foreign parties to occur in the United States in accordance with the Federal Rules. *Schindler Elevator Corp. v. Otis Elevator Co*, 657 F. Supp. 2d 525, 529 (D.N.J. 2009) (collecting cases). Thus, Defendant has not established a legitimate reason for remote format sufficient to shift the burden to Plaintiff.

**C.      Plaintiff Has Demonstrated Particularized Prejudice**

Even if Defendant had met his burden, Plaintiff has demonstrated particularized prejudice from proceeding remotely.

First, Plaintiff argues that credibility and demeanor are central to this case. This is not a generic preference for in-person examination. As discussed above, McPhail is alleged to be the central architect of the fraud at issue. To prevail on its fraud claim, Plaintiff must establish that

McPhail knowingly made false representations of material fact with the intent to induce reliance. McPhail's state of mind, intent, and credibility are therefore not peripheral issues—they are at the heart of this case.

Courts have recognized that when credibility and state of mind are central disputed issues, in-person examination may be particularly appropriate. *See JUUL Labs Inc. v. Chou*, No. 2:21-cv-03056-DSF-PD, 2022 WL 2165411, at *4 (C.D. Cal. Feb. 11, 2022) (ordering in-person depositions where willfulness and state of mind were the central remaining issues and credibility concerns were case-specific rather than speculative); *see also Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 586 (N.D. Fla. 2019) (observing that remote depositions lack the benefits of in-person confrontation and limit the assessment of demeanor and nonverbal conduct).

Although this Court agrees that credibility can be evaluated during a remote deposition, an in-person deposition provides a superior setting for assessing a witness's demeanor and credibility. It also allows examining counsel to observe the witness and surrounding environment more completely, assess nonverbal cues and interactions, and make real-time decisions regarding the direction of the examination. This is particularly true here, given both the centrality of McPhail's credibility and the need to examine and cross-reference numerous financial records during the deposition. Under these circumstances, requiring Plaintiff to proceed remotely would materially impair its ability to conduct an effective examination. The deposition shall therefore proceed in person.

## IV.    LOCATION OF DEPOSITION

Having determined that the deposition shall proceed in person, this Court turns to the question of location. Plaintiff originally noticed the deposition in Nevada, the forum state, and has represented a willingness to travel to a location more convenient to Defendant, including Canada. This Court notes Defendant's belief that a deposition in Canada would require the costs and burden of obtaining letters rogatory and retaining Canadian counsel. This Court also notes those complications are avoided entirely by conducting the deposition on United States soil, near Defendant's residence. Indeed, the resources that would otherwise be expended obtaining the letters rogatory and retaining Canadian counsel would be much greater than the cost of

Defendant's travel to a United States location closer to Defendant's residence—a result that serves the interests of all parties and the efficient administration of this case.

Given Plaintiff's willingness to travel closer to Defendant, this Court orders the parties to meet and confer on a location that is more convenient to Defendant (including Canada). If the parties are unable to reach such agreement within the next 14 days, Plaintiff must file the appropriate motion within 10 days of the meet and confer.

## V.  EXTENSION OF TIME

Under Rule 6(b), the court may, for good cause, extend a deadline if a request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 509 (9th Cir. 1992).

Plaintiff filed this motion approximately 80 days into a 90-day extension granted by this Court for this specific purpose. Plaintiff represents that during the intervening period it was actively conducting discovery and allowing time for Defendant to reconsider his position and agree to voluntarily to appear for an in-person deposition.

While this Court does not endorse the practice of waiting until the eve of a deadline to seek judicial relief, this Court finds sufficient diligence on the part of Plaintiff. Thus, this Court will extend discovery for 60 days only for the purposes of McPhail's deposition. To the extent Defendant also needs to conduct additional discovery, this Court is inclined to grant a reasonable request.

## VI.  FEES

This Court declines the request for fees. First, this Court granted, in part, Plaintiff's request. In addition, Plaintiff's motion was necessary given the dispute regarding the manner and/or location for McPhail's deposition.

/ / /

/ / /

/ / /

## VII.    CONCLUSION

**IT IS ORDERED** that Plaintiff's motion (ECF No. 64) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the parties are to meet and confer within 10 days of this order regarding the location of the deposition. If no agreement is reached within that time, Plaintiff must file a motion within 10 days of the meet and confer.


DATED:  June 22, 2026.

Brenda Weksler
United States Magistrate Judge